UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROSEANN PAJAK,

         Plaintiff,

                  Case # 16-CV-899-FPG

v.

                  DECISION AND ORDER

NEW YORK STATE OFFICE OF
TEMPORARY AND TOTAL DISABILITY,

         Defendant.

   On November 8, 2016, Plaintiff Roseann Pajak filed a Complaint against Defendant New York State Office of Temporary and Total Disability alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ECF No. 1. Plaintiff failed to serve the Complaint on Defendant for six months in violation of Federal Rule of Civil Procedure 4(m). *See* ECF No. 3. This Court then issued an Order to Show Cause, ECF No. 3, to which Plaintiff responded. ECF No. 4. For the reasons that follow, Plaintiff has until December , 2017, to file and serve the Amended Complaint[1] on Defendant, and file a Certificate of Service.

   Under the plain language of Federal Rule of Civil Procedure 4(m), if a plaintiff fails to serve a complaint on a defendant within 90 days of filing the complaint, a court must dismiss the action without prejudice, order the plaintiff to serve the complaint within a specified time, or, if the plaintiff shows good cause for the lapse, extend time for service. Distrcit courts have wide discretion, however, to grant extensions to serve a complaint both with and without good cause. *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

   Specifically, district courts need only "weigh[] . . . equitable considerations," as opposed to deciding whether good cause exists and then whether to grant an extension in the absence of

---

[1] A party may amend a pleading to which a responsive pleading is required once "as a matter of course." Fed. R. Civ. P. 15(a)(1)(B). Accordingly, the Court accepts Plaintiff's Amended Complaint.

good cause. *Id.* When there is no good cause, a district court will not abuse its discretion if "there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Id.*

The "equitable considerations" include whether the plaintiff was *pro se*; whether plaintiff asked for an extension of time to serve; whether the plaintiff made any efforts to serve before and after the lapse; and the prejudice to both parties. *Id.* at 197-99. *Zapata* points out that the Advisory Committee Notes to the 1993 Amendments of Rule 4(m) state that "an extension might be justified where the statue of limitations would bar the refiling of an action." *Id.* at 198. This Court recently granted an extension in contemplation of the Advisory Committee's recommendation. *See Soos v. Niagara County*, 195 F. Supp. 3d 458, 464-68 (W.D.N.Y. 2016).

The Court will do so again. Here, while Plaintiff admits that there is no good cause to grant the extension,[2] an extension is warranted because the "equitable considerations" favor Plaintiff. Namely, the prejudice to Plaintiff far outweighs any prejudice to Defendant. Without an extension, the applicable statute of limitations would prevent Plaintiff from refiling her action. Defendant suffers no comparable prejudice. Defendant had notice of Plaintiff's claims via her EEOC complaint. Defendant also endures no prejudice from Plaintiff's delay or from the extension.

None of the other equitable considerations weigh in Plaintiff's favor: Plaintiff is represented by counsel; Plaintiff's counsel did not request an extension of time to serve the Complaint; and Plaintiff's counsel made no effort to serve the Complaint before or after the lapse. The Court, however, declines to allow "the client to bear[] the sins of the attorney." *Soos*, 195 F. Supp. 3d at 468. Accordingly, it is hereby

---

[2] ECF No. 4 at ¶ 9 ("... there is admittedly no 'good cause' to grant the extension ...").

2

ORDERED, that Plaintiff must file and serve the Amended Complaint on Defendant by December 12, 2017, and file a Certificate of Service with the Court, and it is further

ORDERED, that if Plaintiff fails to file and serve the Amended Complaint on Defendant by December 12, 2017, and file a Certificate of Service, the Clerk of Court shall dismiss the case without further order of this Court.

IT IS SO ORDERED.

DATED:     November 21, 2017
               Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court