UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROSEANN PAJAK,

                        Plaintiff,

           -v-

NEW YORK STATE OFFICE OF
TEMPORARY & TOTAL DISABILITY,

                        Defendant.

**DECLARATION OF
PETER N. SINCLAIR**

16-cv-899

---

PETER N. SINCLAIR, pursuant to 28 U.S.C. § 1746, declares the following is true under penalty of perjury:

1.     I am an Associate Counsel with the New York State Office of Temporary and Disability Assistance ("OTDA"), Office of Legal Affairs ("OLA").

2.     I submit this declaration in support of OTDA's motion to dismiss Plaintiff's complaint for untimeliness, lack of personal jurisdiction, insufficient process and failure to follow a court Order. (ECF No. 5.)

3.     Plaintiff, represented by counsel, filed a Complaint on November 8, 2016. (ECF No. 1.)

4.     Plaintiff incorrectly named the New York State Office of Temporary and Total Disability, which, upon information and belief, does not exist.

5.     A summons was issued on November 9, 2016. (ECF No. 2.)

6.     OLA maintains a database tracking all legal proceedings involving OTDA.

7.     As of December 28, 2017, OTDA has no record of receiving the summons or Complaint.

8. Plaintiff failed to serve the summons or Complaint on OTDA.

9. This Court issued an Order to Show Cause informing Plaintiff that this action would be dismissed for failure to effect service unless Plaintiff sufficiently responded to the Order. (ECF No. 3.)

10. Plaintiff responded to the Order by filing a declaration, which admits that there was "no good cause" for failing to serve as required by the Federal Rules of Civil Procedure (ECF No. 4 at ¶ 9.)

11. Plaintiff's response also indicated that OTDA was immune from the suit as contemplated by Plaintiff's original Complaint. *Id.* at ¶¶ 4-8.

12. OTDA, having never been served with a summons or Complaint, was unaware of the instant proceeding and excluded from participating in the Court's review of Plaintiff's response to the Order to Show Cause.

13. In an Order deciding the issue, this Court balanced the equities and allowed Plaintiff to amend an improper Complaint; generously granting Plaintiff a second bite at the service apple by issuing the following Order:

- ORDERED, that Plaintiff must file and serve the Amended Complaint on Defendant by December 12, 2017, and file a Certificate of Service with the Court, and it is further
- ORDERED, that if Plaintiff fails to file and serve the Amended Complaint on Defendant by December 12, 2017, and file a Certificate of Service, the Clerk of Court shall dismiss the case without further order of this Court.

(ECF No. 5)

14. OTDA respectfully disagrees with Your Honor's Order (ECF No. 5), in that it allowed Plaintiff to: violate the Federal Rules without excuse; avoid any detriment for violating the rules; and file an amended complaint containing untimely claims.

15. Regardless, Plaintiff has failed to effect service on the Defendant, as Ordered.

16.     On December 11, 2017, OTDA received, by certified mail, an Amended Complaint, apparently filed on December 6, 2017.  A copy of the documents received by OTDA have been attached hereto as **Exhibit A**.

17.     OTDA did not, however, receive a summons, a notice concerning waiver of service, or any other papers in this matter.

18.     Plaintiff's filed certificate of service confirms service of only the Amended Complaint by certified mail.  (ECF No. 7.)

19.     OTDA has never been served with a summons in this action.

20.     Upon information and belief, Plaintiff served the Amended Complaint on the New York State Attorney General's Office via hand delivery on December 7, 2017.  *See* (ECF No. 7.)

21.     However, as of December 7, 2017 the New York State Office of the Attorney General was not representing OTDA in this matter.

22.     Further, though it would appear that Plaintiff was attempting to effect service by CPLR § 307, the requirement therein is to serve the summons on the attorney general.  *See* CPLR § 307(1), *See also* (ECF No. 7.)

23.     Upon information and belief, a summons was not served upon the attorney general.  *See* CPLR § 307(1), *See also* (ECF No. 7.)

24.     Because Plaintiff failed to serve OTDA with a summons, the Complaint should be dismissed for insufficient service of process and lack of personal jurisdiction over OTDA and, in the alternative, for violation of this Court's Order. Fed. R. Civ. P. 12(b)(2) and (5); (ECF No. 5.).

25.     The Complaint should also be dismissed for the reasons articulated in the accompanying Memorandum of Law.

3

DATED:    December 28, 2017

_____
PETER N. SINCLAIR, ESQ.

Sworn to before me this
28 day of December, 2017

_____
Notary Public

ZACHARY M. STEVENS
Notary Public, State of New York
Reg. No. 02ST6313202
Qualified in Albany County
Commission Expires 10/14/2018

# Exhibit A

Harvey P. Sanders, Esq.
David J. DeChellis, Esq.



Of Counsel:
Helaine E. Sanders, LMSW, Esq.

NYS OTDA *Retired*
Received

DEC 11 2017

Office of Legal Affairs

## Sanders & Sanders
### Attorneys at Law
www.wnyemploymentlaw.com

December 7, 2017

**<u>Via Certified, Return Receipt Requested U.S. Mail</u>**
Samuel D. Roberts
Commissioner
NYS Office of Temporary and Disability Assistance
40 North Pearl Street
Albany, NY 12243

**Re: Roseann Pajak v. New York State Office of Temporary & Total Disability
Index No. 160cv-899**

Dear Mr. Roberts:

Enclosed please find, for service, a copy of the Plaintiff's Verified Amended Complaint in the above-captioned action.

If you have any questions, please contact me.

Sincerely,

Harvey P. Sanders

Encl.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROSEANN PAJAK,

                                          Plaintiff

                -v-

NEW YORK STATE OFFICE OF
TEMPORARY & TOTAL DISABILITY

                                          Defendant.

Case No. 16-cv-899 (FPG)

**VERIFIED AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, ROSEANN PAJAK, by counsel, Sanders & Sanders, complains as follows against

NEW YORK STATE OFFICE OF TEMPORARY & TOTAL DISABILITY:

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages for violations of Plaintiff's rights under the

   Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*., ("Rehab Act").   Plaintiff contends Defendant

   failed to accommodate her disability and failed to engage in the interactive process with her

   regarding potential reasonable accommodations.   Defendant subjected Plaintiff to disparate

   treatment, retaliation and a hostile work environment due to her disability.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 (4), as this case asserts

   rights under the Rehab Act.

3. Venue is proper under 28 U.S.C. §1391(b).

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or about June

   5, 2014 (Exh. 1 hereto), amended that complaint on or about March 12, 2015 (Exh. 2 hereto),

   received a favorable determination from the EEOC dated September 23, 2015 (Exh. 3 hereto) and

   was notified of her Right to Sue by Notice dated August 9, 2016 (Exh. 4 hereto).

## PARTIES

5.  Plaintiff Roseann Pajak has been a resident of New York State at all relevant times hereto.  She is female and a member of a protected class as recognized by the Rehab Act.

6.  Defendant New York State Office of Temporary & Total Disability is a state Agency responsible for the supervision of the administration of public assistance and care under various federal programs.  Defendant's Buffalo office is located at 295 Main St., Buffalo, NY 14203.

## BACKGROUND

7.  Plaintiff began working for Defendant on or about September 24, 2009 and has been out on disability since approximately April 11, 2014.

8.  Defendant failed to engage in the interactive process with Plaintiff to discuss an alternate reasonable accommodation after the initial accommodation was shown to be ineffective.

9.  Plaintiff suffers from Reflex Sympathetic dystrophy and Bi-lateral Carpal Tunnel.  Both conditions limit her ability to use her hands.

10. Plaintiff requested an accommodation for her disability on or about July of 2013.   She submitted all of the appropriate paperwork signed by her physician and requested a virtual keyboard.

11. Plaintiff's request was not approved until November 18, 1013.

12. Plaintiff did not receive her virtual keyboard until March 5, 2014, almost seven months after her request.  Defendant failed to accommodate Plaintiff during this 7 month period and failed to suggest any alternative accommodations.  Plaintiff's condition deteriorated during the period from August 21, 2013 to March 5, 2014.

13. Plaintiff was harassed and questioned by co-workers about her requested accommodation.

14. For example, on about March 5, 2014, Peggy Rock, ACP Coordinator, approached Plaintiff and questioned her. She asked Plaintiff how the virtual keyboard was going to help her. Ms. Rock said that she just "doesn't get it."

15. Stacey Niedziela, computer technician, brought the virtual keyboard to Plaintiff around 8:00 a.m. the same day. She gave Plaintiff the instruction book and told her that she would have to read it because no one else has the same keyboard. Plaintiff was never offered any help on how to use the new keyboard or any suggestions on where she could get such help. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

16. Plaintiff tried the keyboard for 1 ½ hours but could not get it to work properly. She told Ms. Rock and Mr. Niediela that she was having trouble with the keyboard. Neither one of them offered to help Plaintiff. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

17. The next day, on March 6, 2014, Plaintiff tried to use the virtual keyboard again with no success. Ms. Niediela saw that Plaintiff was not using the new virtual keyboard and asked Plaintiff why she wasn't using it. Plaintiff explained that she could not work it and wanted to take it home to learn and practice with it. Plaintiff told her that she did not have time to do it during work hours because it was causing her to fall behind on her work.

18. Ms. Niediela told Plaintiff that she could not take the keyboard home because it was "state property and has to be locked in the office" when Plaintiff is not using it. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

19. On March 7, 2014, Marie Rasten, co-worker, commented on my keyboard saying that "it looks neat" and that she wanted one. Ms. Rock replied that Plaintiff has it because she's "special."

20. On March 10, 2014, Ms. Niediela brought Plaintiff a v-board and stated that it was the type of keyboard that other employees with Carpel Tunnel use. She told Plaintiff that she could try it and see if it was easier to use than the virtual keyboard.

21. On March 11, 2014, Ms. Niediela asked Plaintiff how the other v-board was working. Plaintiff told her that it was working well and that she was still having trouble with the virtual keyboard. Ms. Niediela told Plaintiff that she could not continue to use the v-board because she would need another note requesting the v-board and to get approval for it. She told Plaintiff that she would come back to unplug it and that Plaintiff would have to use the virtual keyboard instead. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

22. Plaintiff e-mailed Vivvy Williams from the Bureau of Equal Opportunity and Diversity, on March 21, 2014 about the difficulties and inability to use the virtual keyboard. Plaintiff never heard back from Ms. Williams. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

23. On March 25, 2014, Plaintiff received an e-mail from Jessica Vaughn from the Bureau of Equal Opportunity and Diversity, with an Employee Applicant Complaint form. Plaintiff completed and submitted this form on or about March 30, 2014. However, Plaintiff never received a decision regarding her internal complaint.

24. On March 25, 2014, Ms. Rock gave Plaintiff the v-board back but neither of them could get it to work. Ms. Rock told Plaintiff that Ms. Niediela would have to set it up the next day.

25. On May 6, 2014, Kerry Findly, Supervisor, told Plaintiff that she did not look into the issues with the virtual keyboard yet. Plaintiff asked if she could take it home to try to work with it and figure out how to use it. Ms. Findly told Plaintiff that it would not be beneficial to take it home because

Plaintiff did not have double computer screens at home and the F keys would not function the same. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

26. Instead, Ms. Findly suggested that Plaintiff get another script for her physician for the other Carpal Tunnel keyboard. Ms. Findly could have let Plaintiff continue to use the v-board without a script. This was a further failure to accommodate Plaintiff or to engage in the interactive process.

27. Plaintiff visited her doctor on May 28, 2014 and her doctor indicated she was unable to return to work.

28. Ms. Findly contacted Plaintiff on June 18, 2014, and asked for the script for the v-board. Plaintiff told her that she could not to return to work at that time even with the v-board because her symptoms had gotten worse and that her physician would not sign a second script for the v-board. Only now, more than three months after the request was turned down, Ms. Findly told Plaintiff that she could take the virtual keyboard home to learn how to use it. Plaintiff told Ms. Findly that she was instructed by her physician not to do any repetitive work while off.

29. Ms. Findly was aware of all of Plaintiff's complaints regarding the virtual keyboard but did not offer an alternate reasonable accommodation.

30. Defendant failed to engage in the interactive process with Plaintiff and did not discuss any alternate accommodations.

**FIRST CAUSE OF ACTION –**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE
REHAB ACT, 29 U.S.C. 794**

31. Plaintiff repeats and realleges every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as though fully set forth herein.

32. At all relevant times herein, Plaintiff was a disabled employee within the meaning of the Rehab Act.

33. Defendant failed to engage in the interactive process with Plaintiff to discuss an alternate reasonable accommodation after the initial accommodation was shown to be ineffective.

34. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

## SECOND CAUSE OF ACTION –

## DISABILITY DISCIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE REHAB ACT, 29 U.S.C. 794

35. Plaintiff repeats and realleges every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as though fully set forth herein.

36. At all relevant times herein, Plaintiff was a disabled employee within the meaning of the Rehab Act.

37. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of disability in violation of the Rehab Act including by subjecting Plaintiff to disparate treatment, retaliation and a hostile work environment.

38. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

### THIRD CAUSE OF ACTION –

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE REHAB ACT, 29 U.S.C. 794

39. Plaintiff repeats and realleges every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as though fully set forth herein.

40. At all relevant times herein, Plaintiff was a disabled employee within the meaning of the Rehab Act.

41. Defendant failed to accommodate Plaintiff in violation of the Rehab Act.

42. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a)  Empanel a jury to hear Plaintiff's complaint;

b)  Enter judgement declaring the acts and practices of Defendant to be in violation of the laws of the United States and the State of New York;

c)  Issue a permanent injunction ordering Defendant to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

d)  Award Plaintiff the amount of wages, including fringe benefits, lost as a result of Defendant's discrimination;

e)  Award Plaintiff compensatory damages for losses resulting from Defendant's discrimination;

f)  Award Plaintiff the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
      December 6, 2017

s/Harvey P. Sanders
Harvey P. Sanders, Esq.
SANDERS & SANDERS
*Attorneys for Plaintiff*
401 Maryvale Drive
Cheektowaga, NY 14225
716-839-1489
harvey.sanders@wnyemploymentlaw.com

<u>VERIFICATION PAGE</u>

State of New York  )
County of Erie   ) SS:

Roseann Pajak, being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing Verified Amended Complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

<u>s/Roseann Pajak</u>
Roseann Pajak

Subscribed and sworn to before me
this 6th day of December 2017


<u>s/Sharon Aikens Dzierba</u>
Notary Public
State of New York
Erie County
Lic.# 01DZ6234961
Comm. Exp. 1/31/2019

EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2014-00451 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Roseann C. Pajak | (716) 725-7597 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 99 Irving Terrace, Depew, NY 14043 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NEW YORK STATE OFFICE OF TEMPORARY & TOTAL DISABILITY | Unknown | (716) 847-5037 |

| Street Address | City, State and ZIP Code |
|---|---|
| 295 Main Street, Buffalo, NY 14203 | |

RECEIVED
JUN 05 2014
E.E.O.C. Buffalo

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 03-05-2014 | 03-05-2014 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a qualified individual with a disability. I have worked for Respondent since September 24, 2009. My current position is Disability Analyst II.

In or around July 2013 I requested reasonable accommodation for my disability. I did not receive the accommodation until March 2014. However, the accommodation has not been effective, and I have made Respondent aware of it. I am still in need of reasonable accommodation, but Respondent keeps delaying the reasonable accommodation process.

I believe that I have not received effective reasonable accommodation for my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>X _Roseann Pajak_<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____  _____<br>Date      Charging Party Signature | |

EXHIBIT 2

EEOC Form 5 (11/09)

REDACTED

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2014-00451 |

New York State Division Of Human Rights                                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Ms. Roseann C. Pajak** | Home Phone *(Incl. Area Code)*<br>**(716) 725-7597** | Date of Birth |
|---|---|---|
| Street Address                           City, State and ZIP Code<br>**99 Irving Terrace, Depew, NY 14043** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**NEW YORK STATE OFFICE OF TEMPORARY & TOTAL DISABILITY** | No. Employees, Members<br>**Unknown** | Phone No. *(Include Area Code)*<br>**(716) 847-5037** |
|---|---|---|
| Street Address                           City, State and ZIP Code<br>**295 Main Street,  Buffalo, NY 14203** | | RECEIVED<br>MAR 12 2019 |
| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
| Street Address                           City, State and ZIP Code | E.E.O.C. BULO | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest              Latest |
| 03-05-2014         03-05-2014 |
| July 2013          June 2014 |
| ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**AMENDED CHARGE OF DISCRIMINATION**

**I am a qualified individual with a disability.  I have worked for Respondent since September 24, 2009. My current position is Disability Analyst II.**

**In or around July 2013 I requested reasonable accommodation for my disability.  I did not receive the accommodation until March 2014.  However, the accommodation has not been effective, and I have made Respondent aware of it.  I am still in need of reasonable accommodation, but Respondent keeps delaying the reasonable accommodation process.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Roseann Pajak* |
| *✗ 3-10-15*                   *✗ Roseann Pajak*<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*   3-10-15<br>*Sharon Aikens Dzierba*<br>SHARON AIKENS DZIERBA<br>NOTARY PUBLIC STATE OF NEW YORK<br>ERIE COUNTY |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2014-00451 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

In addition, in March 2014 after I received reasonable accommodation, I was subjected to unwelcome comments related to my accommodation and disability. For example, ACP coordinator approached me with severe sarcasm stating "Just how do you think this is going to help you, I don't get it."

On March 21, 2014, I sent an email to Vivvy Williams making Respondent aware that the accommodation provided had not worked, the difficulties that I continued to have due to the accommodation not being effective, and the hostility at the workplace for having requested reasonable accommodation. On March 25, 2014, I received an email from Jessica Vaughn including an "Employee Applicant Complaint Form" so I could file an internal EEO complaint. I completed that form in or around March 30, 2014 and submitted it to Respondent. However, I never received a decision regarding my internal complaint; specifically no decision was made regarding my hostile work environment allegations.

I made Respondent aware that I was going to file charges with the EEOC. On or about June 18, 2014, Kerry Finley told me that I should not file a complaint with the EEOC as "they (EEOC) was going to concur with the decision of her investigation." She recommended me to drop my EEOC charges.

I believe that I have not received effective reasonable accommodation for my disability and I was treated with hostility because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>✗ Roseann Pajak<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   3-10-15 |

✗ 3-10-15    ✗ Roseann Pajak

Date    Charging Party Signature

SHARON AIKENS DZIERBA
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01DZ6234961

EXHIBIT 3

SEP. 29. 2015 10:26AM    US EQUAL EMPLOYMENT OPP.    NO. 0507    P. 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

Charge No.: 525-2014-00451

Roseann C. Pajak
99 Irving Terrace
Depew, NY 14043

Charging Party

NYS Office of Temporary and Disability Assistance
Attention: Felicia Valle, Attorney
40 North Pearl St.
Albany, NY 12243-0001

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of this charge filed under the Americans with Disabilities Act (ADA) of 1990, as amended. Timeliness, deferral and all other requirements for coverage have been met.

The Charging Party is a qualified individual with a disability. Charging Party was hired on September 24, 2009, and her current position is Disability Analyst II. Charging Party alleged that in or around July 2013, she requested reasonable accommodation in the form of a Virtual keyboard. Charging Party maintained that Respondent caused a delay in the approval of the accommodation, which was finally provided to her in March 2014. Charging Party alleges the Virtual keyboard proved ineffective, so she tried a Convex keyboard, as an alternate accommodation. However, Respondent took away that accommodation and failed to discuss any alternate accommodation. Charging Party further alleged that she was subjected to a hostile work environment, in that on two separate occasions employees made sarcastic remarks related to the reasonable accommodation that she requested. Finally, Charging Party alleged that on or about March 30, 2014, she filed an internal disability discrimination complaint. Further, that Respondent discouraged her from filing a charge of discrimination with the EEOC. Charging Party maintains Respondent failed to advise her of the outcome of their internal investigation.

The Respondent, a state agency, is responsible for supervising the administration of public assistance and care under various federally sponsored programs contained in the Food Stamp Act and the Social Security Act, as well as other State-sponsored programs. Respondent

acknowledged that Charging Party requested a virtual keyboard as reasonable accommodation. However, Respondent maintained the delay in providing the accommodation was caused by factors other than disability discrimination. Respondent also maintained that Charging Party failed to make Respondent aware that the virtual keyboard was an ineffective accommodation, and that she never requested an alternate accommodation. Lastly, Respondent denied that Charging Party was subjected to a hostile work environment or discouraged from filing an EEOC charge of discrimination.

The ADA states that an employer is required to participate in an interactive process to evaluate reasonable accommodation to the known disability of an employee. The evidence shows that Charging Party made Respondent aware of her disability and her need for a virtual keyboard as reasonable accommodation. The investigation revealed that although in or around July 2013 Charging Party made Respondent aware of the need of a virtual keyboard, it was not until in or around November 2013, when Charging Party provided all the information needed to evaluate her request and the request was approved. Consequently, this resulted in a delay in the process to evaluate and approve the accommodation. The investigation also revealed that between November 2013 and February 2014 there was a delay in ordering the virtual keyboard, due to an error on the part of Respondent. However, none of the information obtained supports that the delay was willful. The record also shows that Respondent approved the accommodation in November 2013, and after Respondent's error was rectified, the Virtual Keyboard was provided to the Charging Party in early March 2014.

The investigation revealed that in March 2014, Charging Party made Respondent aware that the initial accommodation (virtual keyboard) was ineffective and suggested the use of an alternate keyboard as reasonable accommodation. Although Respondent was in the position to allow Charging Party the use of an alternate keyboard as reasonable accommodation, Respondent failed to engage in the interactive process to evaluate the new accommodation requested.

The investigation also revealed that Charging Party may have been subjected to two unwelcome comments related to the reasonable accommodation that she requested. However, those comments did not rise to the level of hostile work environment.

Further, it is undisputed that on or about March 30, 2014, Charging Party filed an internal disability discrimination complaint. Respondent investigated Charging Party's internal complaint. Although Respondent failed to make Charging Party aware of the outcome of their investigation, a tangible harm was not found in this issue. Finally, a Fact Finding Conference conducted on February 27, 2015, which revealed that Charging Party was discouraged by Respondent from filing an EEOC charge.

Based on this analysis, I have determined that the evidence obtained during the investigation does not establish a violation of the ADA with respect to willful delay from Respondent in providing a virtual keyboard as reasonable accommodation, or the subjection of Charging Party to hostile work environment.

This letter will be the only notice of the Charging Party's right to sue sent by the Commission with respect to previously mentioned allegations under the ADA. Following this dismissal, the

Charging Party may only pursue her willful delay in providing reasonable accommodation and subjection to a hostile work environment allegations under the ADA by filing suit against the Respondent named in the Charge within ninety (90) days of receipt of this letter. Otherwise, the Charging Party's right to sue on these issues will be lost.

However, Respondent's asserted defense does not withstand scrutiny, and the Commission has determined that reasonable cause exists that Respondent failed to engage in the interactive process with Charging Party to discuss an alternate reasonable accommodation after the initial accommodation was shown to be ineffective.

This determination is final. The ADA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the ADA and the Commission's Procedural Regulations. The confidentiality provisions of Sections 706 and 709 of the ADA and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

SEP 2 3 2015

_____
Date

John E. Thompson, Jr., Director
Buffalo Local Office

Exhibit 4



U.S. Department of Justice
Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Ave. NW.*
*Washington. DC 20530*

**AUG 0 9 2016**

DJ# 205-53-0

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Ms. Roseann C. Pajak
99 Irving Terrace
Depew, NY 14043

Re:    EEOC Charge Against:    New York State Office of Temporary & Total
                              Disability
       EEOC No.:              525-2014-00451
       DJ#:                   205-53-0

Dear Ms. Pajak:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).  This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq.; against the above-named respondent.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience.  If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 2117(a).

We are returning the files in this matter to EEOC's District Office.  If you or your attorney, have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

John E. Thompson, Jr.
District Director
Equal Employment Opportunity Commission
Buffalo Local Office
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

Enclosed you will find a list of state resources and a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General

BY: _____
Robert Mather
Trial Attorney
Disability Rights Section

Enclosure:
New York State Resources
Notice of Rights under the ADAAA


cc:    New York State Office of Temporary & Total Disability
EEOC-Buffalo Local Office
Harvey P. Sanders

2





# Sanders & Sanders

Attorneys at Law

401 Maryvale Drive
Cheektowaga, New York 14225

**To**

Samuel D. Roberts
Commissioner
NYS Office of Temporary
& Total Disability
40 North Pearl St
Albany, NY 12243

7016 3010 0000 8248 1494

URGENT LEGAL MAIL



## Sanders & Sanders

Attorneys at Law

401 Maryvale Drive

Cheektowaga, New York 14225

*To*

Samuel D. Roberts
Commissioner
NYS Office of Temporary
& Total Disability
40 North Pearl St
Albany, NY 12243