UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

ROSEANN PAJAK,

                           Plaintiff,

                                                                     Case # 16-CV-899-FPG

v.

                                                                       DECISION AND ORDER

NEW YORK STATE OFFICE
OF TEMPORARY & TOTAL DISABILITY,

                           Defendant.
───────────────────────────────────────

## INTRODUCTION

Plaintiff Roseann Pajak brings this action under the Rehabilitation Act of 1973, 29 U.S.C. § 794, against her former employer, Defendant New York State Office of Temporary & Total Disability.[1] Defendant seeks dismissal of Plaintiff's Amended Complaint (ECF No. 6) based on untimely service of process and lack of personal jurisdiction. ECF No. 8. In response, Plaintiff filed a cross-motion requesting that timely service of the Amended Complaint alone be deemed sufficient service or, in the alternative, an extension of time to serve the Summons and Amended Complaint together *nunc pro tunc*. ECF No. 11. For the reasons set forth below, Defendant's motion is GRANTED and Plaintiff's cross-motion is DENIED.

## RELEVANT BACKGROUND

To properly address the pending motion, the Court will briefly discuss the procedural history of this action.

On November 8, 2016, Plaintiff filed her Complaint against Defendant. ECF No. 1. The Clerk of Court issued a Summons for Defendant on November 9, 2016. ECF No. 2. On May 9,

---

[1] Defendant contends that its proper name is the "New York State Office of Temporary and Disability Assistance." ECF No. 8-1 at 1.

2017, the Court issued an Order to Show Cause, noting that there was no indication that Plaintiff had caused a Summons and the Complaint to be served on Defendant and directing Plaintiff to explain in writing by May 26, 2017 why the case should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to effect service within 90 days. *See* ECF No. 3 at 1.

Plaintiff's counsel timely filed a Declaration in response to the Order Show Cause. ECF No. 4. Plaintiff's counsel admitted that he had "overlooked the fact that it [sic] the original Complaint was not served" and that there was "no 'good cause' to grant [an] extension" of the time for service but nonetheless sought the Court's discretion in extending the time for service. ECF No. 4 at 2-4. In addition, Plaintiff sought leave to amend her Complaint and attached a proposed amended complaint to the Declaration. *See* ECF No. 4 at 1.

The Court issued a Decision and Order on November 21, 2017 excusing Plaintiff's failure to timely serve the Summons and Complaint under Rule 4(m). ECF No. 5. The Court noted that, while good cause for an extension was not present, the "equitable considerations" favored Plaintiff—whose claims would be barred by the applicable statute of limitations if dismissed for failure to timely serve. *Id.* at 2. The Court ordered Plaintiff to file and serve her amended complaint by December 12, 2017 and to file a Certificate of Service with the Court. *Id.* at 3. Furthermore, the Court directed the Clerk of Court to dismiss the case without further order if Plaintiff failed to file and serve her amended complaint by that deadline. *Id.*

Plaintiff filed the Amended Complaint and a Certificate of Service on December 7, 2017. ECF Nos. 6-7. The Certificate of Service certified "that the First Amended Complaint . . . was served via hand-delivery on December 7, 2017 upon" Defendant. ECF No. 7 at 1. It did not state whether Defendant had been served with a Summons.

On December 28, 2017, Defendant filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. ECF No. 8-1 at 1. The Court issued a Text Scheduling Order, directing Plaintiff to respond by January 29, 2018. On the response deadline, Plaintiff filed a Certificate of Service (ECF No. 10) certifying that the Summons and Amended Complaint had been served upon Defendant. That same day, Plaintiff filed a Cross-Motion (ECF No. 11) requesting that the timely service of the Amended Complaint alone be deemed sufficient service or, in the alternative, an extension of time to serve the Summons and Amended Complaint together *nunc pro tunc*. Defendant filed a memorandum in opposition to Plaintiff's cross-motion and in support of Defendant's motion on February 9, 2018. ECF No. 12.

## LEGAL STANDARDS

### I. Rule 12(b)(2)

Motions brought pursuant to Rule 12(b)(2) "concern lack of personal jurisdiction, resulting from the failure to serve a defendant pursuant to Rule 12(b)(5)." *Chaney v. Vena*, No. 9:15-CV-653(TJM/ATB), 2016 WL 9687496, at *3 (N.D.N.Y. Dec. 27, 2016). "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Robinson v. City of Buffalo*, 16-CV-00432(MAT), 2017 WL 2021528, at *3 (W.D.N.Y. May 12, 2017) (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)). Where the parties have not yet conducted discovery, a plaintiff may defeat a Rule 12(b)(2) motion "based on legally sufficient allegations that the court has jurisdiction." *Id.* (internal quotation marks omitted). A court must view such allegations "in the light most favorable to the plaintiff" and resolve any doubts in the plaintiff's favor. *Russo v. Syst. Integrators Inc.*, No. 2:17-cv-4317 (DRH)(AYS), 2018 WL 4100493 at *3 (E.D.N.Y. Aug. 28,

2018) (citations omitted). However, a court need not consider "conclusory statements, without supporting facts." *Id*. (citing *Jazini v. Nissan Motor Co. Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

## II. Rule 12(b)(5)

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Robinson*, 2017 WL 2021528, at *3 (citation omitted). When faced with a 12(b)(5) motion, the plaintiff bears the burden of establishing that service was adequate. *Id*. In reviewing a 12(b)(5) motion, the court may rely on matters outside the pleadings, including affidavits and supporting materials. *Russo*, 2018 WL 4100493 at *2.

## DISCUSSION

## I. Rule 4

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." Among other things, Rule 4 dictates the content that a summons must contain, Fed. R. Civ. P. 4(a)(1)(A)-(G), the proper procedure to effect service, *id*. at (e)-(j), and the time limit for service, *id*. at (m).

With regards to procedure, subsection (j)(2) provides that "[a] state, a municipal corporation, or any other state-created governmental organization" may be served by: (1) "delivering a copy of the summons and of the complaint to its chief executive officer;" or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In New York State, service on a state agency must be made by

> (1) delivering the summons . . . to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, . . . to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section.

N.Y. CPLR § 307(2).

As for the time to accomplish service, it is the plaintiff's responsibility to serve a defendant "within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). In turn, Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Even where a plaintiff fails to show "good cause," a district court has discretion to otherwise extend the time for service. *See id*. (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("We have interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause.") (citing *Zapata*, 502 F.3d at 196).

**II.     The Court Declines to Dismiss the Case Based Solely on Its Prior Order**

In the Court's November 21, 2017 Decision and Order, it extended the time for Plaintiff to effect service until December 12, 2017. Specifically, the Court ordered "that if Plaintiff fails to file and serve the Amended Complaint on Defendant by December 12, 2017, and file a Certificate of Service, the Clerk of Court shall dismiss the case without further order of this Court." ECF No. 5 at 3. Defendant asserts that Plaintiff failed to effect service as ordered and therefore the "case must be dismissed." ECF No. 8-1 at 2; ECF No. 12 at 3.

In response, Plaintiff's attorney admits in his Declaration that Plaintiff did not serve a Summons by the December 12, 2017 deadline, but asserts that Plaintiff served the Amended Complaint on Defendant on December 7, 2017 and that this complies with the language of the

Court's order which directed Plaintiff to "file and serve the Amended Complaint." ECF No. 11-1 ¶¶ 11-12.

The Court finds unavailing Plaintiff's argument that her literal compliance with the Court's order to "serve the Amended Complaint" excuses her failure to serve a Summons. Though the Court's Order might have been clearer had it explicitly ordered Plaintiff to serve "*a Summons* and the Amended Complaint," Rule 4(c) clearly states that "[t]he plaintiff is responsible for having *the summons and complaint* served." Fed. R. Civ. P. 4(c) (emphasis added); *see also Osrecovery, Inc. v. One Group Intern., Inc.*, 234 F.R.D. 59, 62 (S.D.N.Y. Aug. 17, 2005) ("The requirement under Rule 4 that a summons shall be served together with a copy of the complaint is unambiguous.").

Nonetheless, despite Plaintiff's admitted failure to serve a Summons by the date the Court designated as the service deadline, the Court declines to dismiss the case based solely on the November 21, 2017 Order. "[A] district court has wide latitude in deciding whether to grant extensions" of time to serve and the Court will consider the factors relevant to the exercise of that discretion before deciding whether to dismiss this case. *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order) (citing *Zapata*, 502 F.3d at 195-96).

**III. Service of the Amended Complaint on December 7, 2017 Was Insufficient**

Defendant asserts that as of December 28, 2017—the date Defendant filed its motion to dismiss—it had not "been properly served in this action" and that dismissal is therefore warranted based on "lack of personal jurisdiction due to insufficient service of process." ECF No. 8-1 at 4. More specifically, Defendant asserts that service of process was insufficient for two reasons: (1) while Defendant did receive Plaintiff's Amended Complaint by certified mail, service of a complaint by certified mail is improper under both state and federal rules; and (2) Defendant has not been served with a Summons. *Id*. In response, Plaintiff admits that she "unintentionally omitted

the summons from the packet of documents . . . which were served upon Defendants" but requests that the Court deem Plaintiff's timely service of the Amended Complaint alone to be sufficient service. ECF No. 11-2 at 1.

Rule 4(c) states that "[a] summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c). The Court finds that Plaintiff's timely service of the Amended Complaint alone on December 7, 2017 was insufficient service of process under Rule 4(c). *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("There is no dispute that plaintiff's March 4, 2008 service, which included a copy of the complaint but no summons, was defective under Rule 4(c).").

**IV. Service of a Summons and Amended Complaint on January 31, 2018 Was Untimely**

Plaintiff requests that "an additional extension of time be granted, *nunc pro tunc*, for Plaintiff to serve the Summons with the Amended Complaint." ECF No. 11-2 at 6. Plaintiff further asserts that she properly served Defendant with a Summons and Complaint during the time period between the filing of Defendant's motion and the filing of Plaintiff's response and cross-motion. Plaintiff also filed a Certificate of Service (ECF No. 10) dated January 29, 2018 as evidence of that service. *Id*.

Defendant admits that it received a Summons and the Amended Complaint on January 31, 2018 but asserts that service was untimely.[2] ECF No. 12 at 5. Plaintiff filed the initial complaint

---

[2] Defendant also asserts in a footnote that service on January 31, 2018 "was defective as it was not directed to the Defendant as required by Fed.R.Civ.P. 4(a)(1)(B)." ECF No. 12 at 4 n.4. However, this argument is not properly raised and, therefore, the Court will not consider it. *See Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 314 (S.D.N.Y. 2015)

7

on November 8, 2016. The Clerk of Court issued a Summons as to Defendant, pursuant to Rule 4(b), on November 9, 2016. At that point it was Plaintiff's responsibility to serve the Summons on Defendant, Fed. R. Civ. P. 4(c)(1), by February 6, 2017—90 days from the filing of the initial complaint, *id.* at (m).

Plaintiff failed to timely serve Defendant and the Court issued an Order to Show Cause on May 9, 2017. ECF No. 3. Despite Plaintiff's admission that there was no good cause for the failure to timely serve Defendant during the six-month period from November 2016 to May 2017, the Court exercised its discretion and granted Plaintiff until December 12, 2017 to effect service. On December 7, 2017, Plaintiff served an Amended Complaint on Defendant but failed to serve a Summons, thus rendering service insufficient. Plaintiff did not serve Defendant with a Summons and Amended Complaint until January 31, 2018—over fourteen months from the time this action was commenced and over seven weeks beyond the Court's extension deadline. Thus, the Court finds that Plaintiff's service of a Summons and Amended Complaint on January 31, 2018 was untimely.

### A. Plaintiff Has Not Shown "Good Cause"

Notwithstanding Plaintiff's failure to timely effect service, "the Court must extend the time for service if the plaintiff shows good cause for the failure." *Parfitt Way Mgmt. Corp. v. GSM By Nomad, LLC*, No. 17-CV-0299 (GTS/CFH), 2018 WL 2364287, at *8 (N.D.N.Y. May 24, 2018). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Robinson*, 2017 WL 2021528, at *6 (citations omitted). Therefore, a "delay in service resulting from the mere

---

("[B]ecause the arguments appear only in footnotes, they are not properly raised, and the Court is under no obligation to consider them.").

8

inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation omitted).

Here, Plaintiff's counsel asserts that he failed to serve a Summons by the Court's December 12, 2017 deadline because he "unintentionally omitted the Summons from the packet of documents, which included the Amended Complaint and its exhibits." ECF No. 11-2 at 3. This amounts to neglect or mistake rather than an "exceptional circumstance" beyond Plaintiff's control. Accordingly, Plaintiff has not established good cause for her failure to timely serve Defendant.

### B. The Court Will Not Exercise Its Discretion to Extend the Time for Service

As discussed above, district courts maintain the discretion to extend the time for service even absent a showing of good cause. *See Lin v. Joedy*, 214 F. Supp. 3d 207, 216 (W.D.N.Y. 2016) (citing *Zapata*, 502 F.3d at 197). Courts use the following factors when evaluating whether to extend the time for service without good cause:

> (1) whether any applicable statutes of limitations would bar the action once re-filed;
> (2) whether the defendant had actual notice of the claims asserted in the complaint;
> (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service.

*Deluca*, 695 F. Supp. 2d at 66 (collecting cases). However, "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons . . . and does not abolish his discretion." *Robinson*, 2017 WL 2021528, at *7 (quoting *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (emphasis in original)). Thus, while the Court considers the factors for guidance, it maintains discretion to grant or deny an extension of time to serve.

### i. Statute of Limitations

First, the Court examines whether the applicable statute of limitations would bar Plaintiff's claims if they were dismissed without prejudice. Though dismissal pursuant to Rule 4(m) is "without prejudice," Fed. R. Civ. P. 4(m), a court's dismissal may "effectively be *with* prejudice" if the applicable statute of limitations has expired. *See Robinson*, 2017 WL 2021528, at *8 (emphasis in original). While "the potential preclusive effect of the statute of limitations may be considered by the court in its analysis," that alone is insufficient to excuse a party's failure to effect timely service of process. *Id*. ("[T]he Court notes that the failure of a party to serve within the applicable limits cannot be excused simply because the action will then be time-barred.") (citations and internal quotation marks omitted).

Plaintiff's claims arise under the Rehabilitation Act of 1973, 29 U.S.C. § 794. Though the Rehabilitation Act does not prescribe a specific statute of limitations, the Second Circuit has held that claims under the Act "are governed by the state statute of limitations applicable to personal injury actions." *Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 334 (E.D.N.Y. 2012) (quoting *Morse v. Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir. 1992)). "In New York, the state statute of limitations applicable to personal injury actions is three years." *Id*. (citing *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)).

Though state statute governs the applicable limitations period here, "[f]ederal law governs the question of when a federal claim accrues." *Morse*, 973 F.2d at 125. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id*. (citations omitted). In determining the accrual date for discrimination claims, including those brought under the Rehabilitation Act, "the proper focus is on the time of the *discriminatory act*,

10

not the point at which the *consequences* of the act become painful." *Id.* (citation omitted) (emphasis in original).

Here, the latest allegedly discriminatory act occurred on June 18, 2014. *See* ECF No. 6 at 5. Thus, Plaintiff's claims accrued, at the latest, on June 18, 2014.[3] If Plaintiff refiles her complaint, it is likely that her Rehabilitation Act claims would be time-barred and this factor therefore weighs in Plaintiff's favor.

### ii. Actual Notice of the Claims

Defendant had actual notice of the claims asserted in the Amended Complaint by December 12, 2017—the service extension deadline that the Court imposed—because it was served with the Amended Complaint before that date. *See* ECF No. 8-2 at 6. Thus, this factor also weighs in Plaintiff's favor. *See Purzak v. Long Island Hous. Servs., Inc.*, Nos. 12-cv-1747, 12-cv-4010 (JFB)(WDW), 2013 WL 5202711, at *7 (Sept. 13, 2013).

### iii. Attempts to Conceal the Defects in Service

There is no indication that Defendant attempted to conceal service defects in this case. Defendant timely filed this motion to dismiss raising issues regarding Plaintiff's service of the Amended Complaint. Therefore, this factor does not weigh in Plaintiff's favor. *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013).

### iv. Prejudice to Defendant

Defendant asserts that it would be "severely prejudiced by having to defend these untimely claims." ECF No. 12 at 4. However, "courts in this district have recognized that where, as here a

---

[3] Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2014 and an amended compliant with the EEOC in March of 2015. ECF No. 6 at 1. Plaintiff subsequently received a favorable determination from the EEOC dated September 23, 2015 and a Right to Sue Notice dated August 9, 2016. *Id.* However, "the fact that plaintiff filed a grievance with . . . the EEOC charging discrimination . . . does not toll the statute of limitations applicable to her Rehabilitation Act claims." *Solomon v. New York City Bd. of Educ.*, No. CV-95-1878, 1996 WL 118541, at *4 (E.D.N.Y. Mar. 6, 1996) (citing *Raggi v. Wegmans Food Mkts., Inc.*, 779 F. Supp. 705, 709-10 (W.D.N.Y. 1991)).

defendant received actual notice and had the opportunity to address the merits of the action, prejudice is minimal." *Arch Ins. Co. v. Goldens Bridge Fire Dep't*, No. 16-CV-9921 (NSR), 2018 WL 1725225, at *5 (S.D.N.Y. Apr. 6, 2018). Thus, this factor does not weigh against Plaintiff.

Against those factors above that weigh in Plaintiff's favor, the Court notes that "[t]o obtain a discretionary extension absent a showing of good cause, the plaintiff must ordinarily advance some colorable excuse for neglect." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (citation and internal quotation marks omitted). Plaintiff has offered none. Furthermore, the Court is troubled by Plaintiff's counsel's repeated failures to accomplish timely service of process. *See Robinson*, 2017 WL 2021528, at *9 ("The Court cannot ignore Plaintiff's Attorney's dilatoriness in making arrangements to accomplish service.").

The Court is "acutely aware . . . that behind counsel stands a plaintiff" who may lose her chance to bring her claims against the defendant. *Id.* (citations and internal quotation marks omitted). Nonetheless, "if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." *Osrecovery, Inc.*, 234 F.R.D. at 62. The Court therefore declines to grant Plaintiff an extension to effect proper service of process *nunc pro tunc*.

Accordingly, the Court finds that Plaintiff failed to effect timely service of process on Defendant, good cause does not exist for an extension of time to serve, and the Court will not exercise its discretion to extend the time for service *nunc pro tunc*.

## CONCLUSION

For the reasons stated, Defendant's motion (ECF No. 8) is GRANTED and Plaintiff's cross-motion (ECF No. 11) is DENIED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 6, 2018
       Rochester, New York

       _____
       HON. FRANK P. GERACI, JR.
       Chief Judge
       United States District Court